IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL FILE NO. |
| v. | 1:15-CR-53-TWT |
| EUGENE HARVEY, | |
| Defendant. | |

**ORDER**

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 69] of the Magistrate Judge recommending denying the Defendant's Motions to Suppress Evidence and Statements [Doc. 29 & 46]. The Defendant Eugene Harvey is charged in a three count indictment with conspiring with unindicted co-conspirators M.Q.H. and E.L. to carry a concealed dangerous weapon on an aircraft, in violation of 49 U.S.C. § 46505(e) and (c), engaging in the business of dealing in firearms without being a licensed dealer, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) and (2), and violating airport security requirements, intending to commit a felony in the airport area, in violation of 49 U.S.C. § 46314(a) and (b)(2). The indictment charges that Harvey, "while employed as a Ramp Agent/Baggage Handler for Delta Air Lines at Hartsfield-Jackson

International Airport ('Hartsfield-Jackson'), would use his Security Identification Display Area ('SIDA') badge and unique personal identification number ('PIN') to access the secure areas of the airport to bring dangerous weapons to M.Q.H. in the airport, such that M.Q.H. would avoid having the Transportation Security Administration ('TSA') recover the weapons during mandatory security screening; those dangerous weapons being at least one of the one hundred thirty-five (135) firearms subsequently recovered from a co-conspirator in New York."

    As set forth in the thorough and well-reasoned Report and Recommendation, the agents were not required to advise the Defendant of his Miranda rights before asking routine booking questions.  They had probable cause to search the Defendant's cell phone and did not violate his constitutional rights by copying the contents of the phone after the first search warrant had expired.  There was probable cause to search the Defendant's resident.  The good faith exception to the exclusionary rule is applicable to searches pursuant to all of the search warrants.  The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motions to Suppress Evidence and Statements [Doc. 29 & 46] are DENIED.

SO ORDERED, this 8 day of January, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge