1

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
 2                     ATLANTA DIVISION

 3

 4   UNITED STATES OF AMERICA,      )
                                    )
 5          Plaintiff,              )
                                    )
 6   -vs-                           )  Case No. 1:15-CR-53-TWT
                                    )
 7   EUGENE HARVEY,                 )  December 8, 2017
                                    )  Atlanta, Georgia
 8          Defendant.              )  11:07 a.m.
     _____ )

 9

10

11          TRANSCRIPT OF THE CHANGE OF PLEA PROCEEDINGS
          BEFORE THE HONORABLE THOMAS W. THRASH, JR.,
12                 U.S. DISTRICT COURT JUDGE

13

     APPEARANCES OF COUNSEL:
14
     On behalf of the Government:  Libby Skye Davis
15                                 Office of the U.S. Attorney

16   On behalf of the Defendant:   Bruce S. Harvey
                                   Law Office of Bruce S. Harvey
17

18

19
             Proceedings recorded by mechanical stenography
20            and computer-aided transcript produced by

21                  SUSAN C. BAKER, RMR, CRR
                      2194 U.S. COURTHOUSE
22                 75 TED TURNER DRIVE, S.W.
                     ATLANTA, GA  30303
23                     (404) 215-1558

24

25
```

1          (Proceedings held in Atlanta, Georgia, December 8,

2     2017, 11:07 a.m., in open court, Defendant present.)

3          THE COURT:  All right.  This is the case of United

4     States of America versus Eugene Harvey, Case Number 15-CR-53.

5          First let me ask counsel for the parties to identify

6     yourselves for the record and the parties you represent.

7          MS. DAVIS:  Good morning, Your Honor.  Skye Davis on

8     behalf of the United States.

9          THE COURT:  Good morning, Ms. Davis.

10         MR. BRUCE HARVEY:  Good morning, Judge.  Bruce Harvey

11    on behalf of Eugene Harvey -- no relationship.  And I hope that

12    the Court separates the Mr. Harveys in the case so it doesn't

13    look like I'm entering a plea which the Government would

14    probably love otherwise.

15         Thank you.

16         THE COURT:  I will do that reluctantly, Mr. Harvey.

17         MR. BRUCE HARVEY:  Thank you.  For the record, you

18    smiled.  This is great.

19         Thank you.

20         THE COURT:  All right.  I understand this is a plea?

21         MR. BRUCE HARVEY:  Yes, sir.

22         THE COURT:  If y'all will come up to the podium,

23    please.

24         (Defendant and counsel approached the podium.)

25         THE COURT:  All right, Ms. Davis.

1          MS. DAVIS:  Are you Eugene Harvey?

2          THE DEFENDANT:  Yes.

3          MS. DAVIS:  I'm showing you a document entitled

4   Guilty Plea and Plea Agreement.  Have you had an opportunity to

5   review this document?

6          THE DEFENDANT:  Yes.

7          MS. DAVIS:  Have you had an opportunity to discuss it

8   with your attorney?

9          THE DEFENDANT:  Yes.

10          MS. DAVIS:  And is this your attorney standing next

11   to you, Mr. Bruce Harvey?

12          THE DEFENDANT:  Yes.

13          MS. DAVIS:  Mr. Eugene Harvey, I'm showing you page

14   16 of the document.  Is this your signature above the line

15   where it says signature, Defendant, Eugene Harvey?

16          THE DEFENDANT:  Yes.

17          MS. DAVIS:  Mr. Bruce Harvey, is this your signature

18   above the line that says signature, attorney for Defendant,

19   Bruce Harvey?

20          MR. BRUCE HARVEY:  It is.

21          MS. DAVIS:  Mr. Eugene Harvey, I'm showing you page

22   17.  Is this your signature above the line that says signature,

23   Defendant, Eugene Harvey?

24          THE DEFENDANT:  Yes.

25          MS. DAVIS:  And, Bruce Harvey, is this your signature

4

1    above the line on page 18 where it says signature, defense

2    attorney, Bruce Harvey?

3              MR. BRUCE HARVEY:  It is.

4              MS. DAVIS:  Mr. Eugene Harvey, you understand that by

5    signing this document you are indicating to the Court your

6    desire to plead guilty to Count 1 of the indictment as laid out

7    in this plea agreement?

8              THE DEFENDANT:  Yes.

9              MS. DAVIS:  I have signed the document, and it's been

10   signed by an official in my office.  I'll tender it to the

11   Court.

12             THE CLERK:  Sir, if you'll raise your right hand,

13   please.

14             (Defendant placed under oath by the clerk.)

15             THE CLERK:  Thank you.

16             THE COURT:  Mr. Eugene Harvey, before accepting your

17   guilty plea, there are a number of questions that I must ask

18   you to assure that it is a valid plea.  If you do not

19   understand any of my questions, please say so since it is

20   essential to a valid plea that you understand each question

21   before you answer.  Will you agree to do that for me?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  How old are you, Mr. Harvey?

24             THE DEFENDANT:  I'm 34 years old.

25             THE COURT:  And how much education do you have?

1              THE DEFENDANT:  I have some college.

2              THE COURT:  You graduated from high school?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  And some college but no degree?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Have you taken any narcotic drugs,

7    medicine or pills or drunk any alcoholic beverages in the past

8    24 hours?

9              THE DEFENDANT:  No, sir.

10             THE COURT:  Mr. Bruce Harvey, do you have any doubt

11   as to the Defendant's competence to enter a plea of guilty at

12   this time?

13             MR. BRUCE HARVEY:  No, sir, I do not.

14             THE COURT:  Mr. Eugene Harvey, by pleading guilty you

15   are giving up a number of rights that you have under the

16   Constitution and laws of the United States.  I have a series of

17   questions that I must ask you to be sure that you understand

18   the rights that you are giving up by pleading guilty.

19             Do you understand that under the Constitution and

20   laws of the United States you have the right to plead not

21   guilty and maintain your plea of not guilty to and through a

22   trial by jury?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Do you understand that you are entitled

25   to a speedy and public trial by a jury or a judge on the

1    charges contained in the indictment?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Do you understand that you have the right

4    to have an attorney assist you throughout a trial?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Do you understand that at a trial you

7    would be presumed to be innocent and the Government would have

8    to overcome that presumption and prove you guilty by competent

9    evidence and beyond a reasonable doubt?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Do you understand that you would not have

12   to prove that you were innocent?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Do you understand that you have the right

15   at a trial to subpoena witnesses and compel their appearance

16   here in court on your behalf?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Do you understand that in the course of a

19   trial the witnesses for the Government would have to come to

20   court and testify here in your presence?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Do you understand that your attorney

23   could cross-examine the witnesses for the Government, object to

24   evidence offered by the Government and offer evidence on your

25   behalf?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand also that at a trial

3    you would have the right to testify if you chose to do so, but

4    you also would have the right not to testify?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you understand that you have the right

7    at a trial to have a jury render a unanimous verdict before you

8    could be convicted?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Do you understand that you have the right

11   to have a jury determine all of the elements of the offense

12   charged by proof beyond a reasonable doubt?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  If I accept your plea of guilty, do you

15   understand that you will waive your right to a trial?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Do you understand that there will be no

18   trial and I will simply enter a judgment of guilty and sentence

19   you on the basis of your guilty plea?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  By pleading guilty, do you understand

22   that you will also have to waive your right not to incriminate

23   yourself since I will have to ask you questions about what you

24   did and you will have to admit your guilt?

25         THE DEFENDANT:  Yes, sir.

1           THE COURT:  Are you willing to waive and give up your

2   right to a trial and the other rights that I have just

3   discussed with you?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  All right.  Ms. Davis, at this time I'll

6   ask that you summarize on the record the terms of the plea

7   agreement.

8           MS. DAVIS:  Thank you, Your Honor.

9           Pursuant to the plea agreement, Defendant is pleading

10  guilty to Count 1 of the indictment which is conspiracy to

11  carry a weapon on an aircraft in violation of Title 49, United

12  States Code, Sections 46505(b)(1) and (c) and (e).

13          Section 1 of the plea agreement states the Defendant

14  is pleading guilty because he is, in fact, guilty of the crime

15  charged in Count 1.

16          As already discussed by the Court, Section 2

17  addresses the rights the Defendant is waiving by entering his

18  plea of guilty.

19          Section 3 lists the maximum and mandatory minimum

20  penalties associated with Defendant's plea of guilty.

21  Specifically, as to Count 1, the maximum term of imprisonment

22  is 20 years.  There is no mandatory minimum term of

23  imprisonment.  He faces a term of supervised release of up to

24  three years; a maximum fine of $250,000 due and payable

25  immediately; full restitution due and payable immediately to

1    all victims of the offense and relevant conduct; a mandatory

2    special assessment of $100 due and payable immediately; and

3    forfeiture of any and all proceeds from the commission of the

4    offense, any and all property used or intended to be used to

5    facilitate the offense and any property involved in the

6    offense.

7           The plea agreement states that the Defendant

8    recognizes that the Court will consider the provisions of the

9    sentencing guidelines and that under certain circumstances the

10   Court may depart from those guidelines.  The Defendant further

11   recognizes that the Court may impose a sentence up to and

12   including the statutory maximum and that no one can predict his

13   sentence at this time.

14          Paragraph nine states the Defendant recognizes that

15   his guilty plea may have consequences with respect to his

16   immigration status if he is not a citizen of the United States.

17          Section 4 of the plea agreement then outlines the

18   terms of the negotiated plea the parties have agreed to subject

19   to approval by the Court.  The plea agreement states that upon

20   entry of the Judgment & Commitment order the Government agrees

21   that any and all remaining counts in the indictment still

22   pending against the Defendant shall be dismissed but that the

23   Defendant understands that the Probation Office and the Court

24   may still consider the conduct underlying such dismissed counts

25   in determining relevant conduct under the sentencing guidelines

1    and a reasonable sentence under the 3553(a) factors.

2            The plea agreement states the United States Attorney

3    for the Northern District of Georgia will not bring any other

4    charges against the Defendant related to the charges to which

5    he is pleading guilty.  This provision does not, however,

6    preclude other jurisdictions from filing additional charges.

7            The plea agreement provides that the United States

8    agrees to make the following recommendations and/or enter into

9    the following stipulations:  The Government agrees to recommend

10   and the Defendant agrees that the applicable offense guideline

11   is Section 2K1.5, and it assigns a base offense level of nine.

12   The Defendant receives the 15-level upward adjustment pursuant

13   to Section 2K1.5(b)(1) as the offense was committed willfully

14   and without regard for the safety of human life or with

15   reckless disregard for the safety of human life.

16           The plea agreement states that the Government will

17   recommend that the Defendant receive acceptance of

18   responsibility so long as the Defendant's conduct, statements

19   and actions remain consistent with that acceptance and that

20   Defendant engages in no future unlawful conduct.

21           The plea agreement states that the Government

22   reserves the right to inform the Court and probation of all

23   facts regarding the Defendant in this case, respond to any

24   questions about it and correct any misstatement of fact.  The

25   plea agreement states that should the United States receive

1  additional evidence about this case the Government can both

2  inform the Court or probation about the evidence and amend any

3  guideline recommendations contained in the instant plea

4  agreement.

5        The following section discusses Defendant's

6  cooperation with the Government.  It states that he shall

7  cooperate truthfully and completely in any investigation or

8  proceeding requested by the Government; and it delineates ways

9  of cooperation to include testifying at grand jury, trial or

10  other proceedings.  It also memorializes the Defendant's

11  understanding that the Government alone will determine what

12  forms of cooperation to request from the Defendant.

13        The agreement also provides that under Section 1B1.8

14  of the sentencing guidelines and subject to certain limitations

15  for violent crimes any self-incriminating information provided

16  by the Defendant that was previously unknown will not be used

17  in determining the applicable sentencing range or bring any

18  additional charges.

19        Finally, as pertaining to any cooperation, the

20  Government agrees to make the extent of Defendant's cooperation

21  known to the sentencing court, including any cooperation

22  provided in Case Number 112/16 currently pending in the Supreme

23  Court of Kings County, New York.  And if the Defendant provides

24  substantial assistance, the Government will file a motion for a

25  sentence reduction.  The Defendant understands the

1    determination of whether the assistance provided is substantial

2    rests solely with the Government.

3            The plea agreement provides for the parties'

4    sentencing recommendations.  And, specifically, the Government

5    agrees to recommend that the Defendant be sentenced at the low

6    end of the adjusted guideline range.  And pursuant to Section

7    5G1.3 of the sentencing guidelines, the Government agrees to

8    recommend that the sentence imposed in this case be served

9    concurrently with any sentence imposed in Case Number 112/16

10   currently pending in the Supreme Court of Kings County, New

11   York, because any sentence imposed in Case Number 112/16

12   results from another offense that is relevant conduct to the

13   instant offense of conviction.  The Government agrees to make

14   no recommendation as to fine.

15           The plea agreement also states the Defendant waives

16   and abandons all right, title and interest in any property that

17   may have been seized in connection with this case; and he

18   agrees with the administrative or judicial forfeiture of the

19   subject property.

20           The Defendant acknowledges that he is not entitled to

21   use forfeited assets to satisfy any fine, restitution, cost of

22   imprisonment or any other penalty the Court may impose upon the

23   Defendant.  The Defendant agrees to pay the $100 special

24   assessment.  The Defendant agrees to pay any fine and/or

25   restitution imposed by the Court.

1               And the parties agree that there exists no

2      aggravating or mitigating circumstance of a kind or to a degree

3      not adequately taken into consideration by the United States

4      Sentencing Commission in formulating the sentencing guidelines

5      justifying a departure pursuant to USSG Section 5K2.  The

6      parties agree not to request any sentence outside of the

7      guideline range nor any guidelines adjustment for any reason

8      that is not set forth in this plea agreement.  Neither party

9      will request a variance resulting in a sentence outside the

10     guideline range.

11              The plea agreement states that any recommendation or

12     stipulations between the parties are not binding on the Court

13     and that the Court's decision to reject a recommendation or

14     stipulation would not constitute grounds for the Defendant to

15     withdraw his plea.

16              Importantly, Your Honor, there's a limited waiver of

17     appeal.  It provides that to the maximum extent permissible

18     under federal law the Defendant waives his right to appeal and

19     to collaterally attack his conviction and sentence except in

20     two limited circumstances, that is, first, should the United

21     States appeal the Defendant's sentence or, second, should the

22     Court upwardly depart or enter an upward variance from the

23     sentencing guideline range as calculated by the Court when

24     sentencing the Defendant.  However, claims that Defendant's

25     counsel rendered constitutionally ineffective assistance are

1    excepted from this waiver.

2              The plea agreement states the Defendant is waiving

3    his right under the Freedom of Information and Privacy Acts to

4    request records in connection with the instant prosecution.

5    And, finally, there is a contract integration clause.

6              THE COURT:  Mr. Eugene Harvey, other than the plea

7    agreement, has anyone threatened or forced you to plead guilty?

8              THE DEFENDANT:  No, sir.

9              THE COURT:  Other than the plea agreement, has anyone

10   told you that if you do not plead guilty further charges will

11   be brought against you or other adverse action will be taken

12   against you?

13             THE DEFENDANT:  No, sir.

14             THE COURT:  Now, the assistant United States attorney

15   has described the plea agreement that you and your attorney

16   have entered into with the Government.  Do you agree with her

17   description of the plea agreement?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Is this the only agreement you have

20   entered into with the Government?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Has anyone made any promise to you other

23   than the plea agreement that caused you to plead guilty?

24             THE DEFENDANT:  No, sir.

25             THE COURT:  Has anyone made a promise to you as to

1     what your actual sentence will be?

2           THE DEFENDANT:  No, sir.

3           THE COURT:  Have you been advised by anyone not to

4     tell the complete truth here in court today?

5           THE DEFENDANT:  No, sir.

6           THE COURT:  Mr. Bruce Harvey, have you advised the

7     Defendant concerning the legality of any statements or

8     confessions or other evidence the Government has against him?

9           MR. BRUCE HARVEY:  Yes, sir.  And that was thoroughly

10    litigated prior to the entry of the plea, Judge.

11          THE COURT:  Is the Defendant pleading guilty because

12    of any illegally obtained evidence in the possession of the

13    Government?

14          MR. BRUCE HARVEY:  No, sir.

15          THE COURT:  Has the Defendant told you anything about

16    the consumption of any medications, pills, drugs, alcohol or

17    other factors which might affect his judgment or his actions

18    here in court today?

19          MR. BRUCE HARVEY:  No, Your Honor, he has not.

20          THE COURT:  Have you made any promise to the

21    Defendant of a particular sentence in the event of a plea of

22    guilty?

23          MR. BRUCE HARVEY:  No, sir.

24          THE COURT:  Do you have any knowledge of any plea

25    agreement or bargain affecting the plea being tendered in this

1      case other than what has been discussed here in open court?

2                  MR. BRUCE HARVEY:  No, Your Honor, I do not.

3                  THE COURT:  Do you know of any reason why I should

4      not accept the plea of guilty here today?

5                  MR. BRUCE HARVEY:  No, Your Honor, I do not.  But

6      before you do, I just want to make one comment about the plea

7      agreement; and the Government knows I'm going to make this

8      particular comment.

9                  Paragraph 31 on page 15 of the plea agreement

10     includes a FOIA and Privacy Act waiver.  The Court of Appeals

11     for the District of Columbia circuit has held that that

12     provision is against public policy and cannot be waived by a

13     Defendant.  For purposes of the record and for future --

14     anything potentially coming up in the future, I want to make

15     sure that if that position continues to be upheld by the Courts

16     of Appeals then paragraph 31 is of no force and effect.

17                 THE COURT:  All right, Mr. Harvey.

18                 MR. BRUCE HARVEY:  And we would object to it.

19                 THE COURT:  You want to say anything about that,

20     Ms. Davis?

21                 MS. DAVIS:  I understand Mr. Harvey's position, but

22     currently that is not the law in the Eleventh Circuit.  And

23     Mr. Eugene Harvey is agreeing to that provision currently as

24     the law and the plea agreement stands.

25                 THE COURT:  Mr. Bruce Harvey, have you had sufficient

1   time to discuss this matter fully with your client prior to his

2   entry of a plea of guilty here today?

3           MR. BRUCE HARVEY:  Yes, Your Honor, I have.

4           THE COURT:  Mr. Eugene Harvey, do you feel that you

5   have had sufficient time to think about and discuss this matter

6   fully with your attorney before entering a plea of guilty here

7   today?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Are you satisfied with the representation

10  of your lawyer in the case?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  All right.  Ms. Davis, at this time I'll

13  ask that you state the elements of the offense alleged in Count

14  1 of the indictment to which the Defendant is pleading guilty.

15          MS. DAVIS:  The Defendant is pleading guilty to

16  conspiracy to carry a weapon on an aircraft in violation of

17  Title 49, United States Code, Sections 46505(b)(1), subsection

18  (c) and subsection (e).

19          The elements are as follows:  That beginning on a

20  date unknown but at least in or about January of 2014 and

21  continuing until on or about December 20th of 2014 in the

22  Northern District of Georgia and elsewhere, first, two or more

23  persons in some way or manner came to a mutual understanding to

24  try to accomplish a shared and unlawful plan, here to carry

25  weapons on an aircraft; second, the Defendant became a member

1    of the conspiracy knowing of its object and intending to help

2    accomplish it; third, during the conspiracy at least one of the

3    conspirators knowingly engaged in at least one act as described

4    in the indictment; and, fourth, the act was committed with the

5    purpose of carrying out or accomplishing the object of the

6    conspiracy.

7            And as for the object of the conspiracy, Your Honor,

8    which is to carry a concealed weapon on an aircraft the

9    elements are:  First, a conspirator was on or attempted to

10   board an aircraft that was in or was intended for operation in

11   air transportation; second, the conspirator knowingly had on or

12   about his person a concealed dangerous weapon that was or would

13   have been accessible to him in flight; and, third, the

14   Defendant acted willfully and without regard for the safety of

15   human life or with reckless disregard for the safety of human

16   life.

17           THE COURT:  Mr. Eugene Harvey, have you discussed

18   with your attorney the charges in Count 1 of the indictment to

19   which you are pleading guilty?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Do you understand what you are charged

22   with?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Tell me in your own words what you

25   understand you are charged with in Count 1 of the indictment.

1          THE DEFENDANT:  My understanding is I helped, abated

2    a person to carry weapons on an aircraft that was unlawful,

3    that was against the security regulations.

4          THE COURT:  You understand you are charged in Count 1

5    with participating in a conspiracy to carry firearms on an

6    aircraft?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And that's what you're pleading guilty

9    to?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  All right.  Ms. Davis, if you would state

12   the maximum penalty and fine that can be imposed on this charge

13   and any mandatory minimums that might apply at sentencing.

14         MS. DAVIS:  Thank you, Your Honor.

15         The maximum term of imprisonment is 20 years.  There

16   is no mandatory minimum term of imprisonment.  He faces a term

17   of supervised release of up to three years, a maximum fine of

18   $250,000 due and payable immediately, full restitution due and

19   payable immediately to all victims of the offense and relevant

20   conduct, a mandatory special assessment of $100 due and payable

21   immediately and forfeiture of any and all proceeds from the

22   commission of the offense and any and all property used or

23   intended to be used to facilitate the offense and any property

24   involved in the offense.

25         THE COURT:  You agree with that, Mr. Harvey?

1              MR. BRUCE HARVEY:  Yes, sir.

2              Well, both of Mr. Harveys agree.

3              THE COURT:  Mr. Bruce Harvey, you agree with that?

4              MR. BRUCE HARVEY:  I do, Your Honor.

5              THE COURT:  Mr. Eugene Harvey, you understand that

6    based on your plea of guilty I could sentence you up to 20

7    years in prison, impose a fine of up to $250,000, a three-year

8    term of supervised release, a $100 special assessment and order

9    you to forfeit any property that was used to commit the

10   offense?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Mr. Bruce Harvey, is your client a United

13   States citizen?

14             MR. BRUCE HARVEY:  Yes, sir.

15             THE COURT:  So there are no immigration consequences

16   to the offense?

17             MR. BRUCE HARVEY:  There are none.

18             THE COURT:  You agree with that, Ms. Davis?

19             MS. DAVIS:  We do, Your Honor.

20             THE COURT:  Mr. Eugene Harvey, the United States

21   Sentencing Commission has issued guidelines which judges are

22   obligated to consider in determining the sentence in a criminal

23   case such as this.  Have you and your attorney talked about how

24   the Sentencing Commission guidelines might apply to your case?

25             THE DEFENDANT:  Yes, sir.

1           THE COURT:  Do you understand that it is not possible

2     to determine the exact guidelines for your case until after the

3     Pre-Sentence Report has been completed and you and the

4     Government have had an opportunity to challenge the facts

5     reported by the probation officer in the Pre-Sentence Report?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Do you also understand that after it has

8     been determined what guidelines apply to a case the judge has

9     the authority in some circumstances to impose a sentence that

10    is more severe or less severe than the sentence called for by

11    the guidelines?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Do you also understand that under some

14    circumstances you or the Government may have the right to

15    appeal any sentence that I may impose?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Do you understand that as a part of your

18    plea agreement you are giving up your right to appeal your

19    sentence unless there's an upward departure from the guidelines

20    or an appeal by the Government?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Other than the plea agreement, has anyone

23    threatened or forced you to give up your right to appeal your

24    sentence?

25          THE DEFENDANT:  No, sir.

1          THE COURT:  Other than the plea agreement, has anyone

2     made any promise to you that caused you to give up your right

3     to appeal your sentence?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Are you giving up your right to appeal

6     your sentence freely and voluntarily?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you also understand that parole has

9     been abolished and that if you are sentenced to prison you will

10    not be released early on parole?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you understand that you may be

13    sentenced to a term of supervised release and that if you

14    violate the conditions of release you can be sent to prison for

15    the entire term of supervised release?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Do you understand that if the sentence is

18    more severe than you expected you will still be bound by your

19    plea of guilty and will have no right to withdraw it?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Now, the Government has agreed to make

22    certain recommendations as a part of your plea agreement.  Do

23    you understand that if I do not accept the sentencing

24    recommendations in your plea agreement you will still be bound

25    by your plea of guilty and will have no right to withdraw it?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Specifically, the Government has agreed

3   to make certain recommendations as to the guidelines that apply

4   to your case.  Do you understand that if for any reason I

5   decide not to follow those recommendations you will still be

6   bound by your plea of guilty and will have no right to withdraw

7   it?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  The Government has also agreed to

10  recommend that you receive the maximum downward adjustment for

11  acceptance of responsibility.  Do you understand that if for

12  any reason I decide that you're not entitled to that you will

13  still be bound by your plea of guilty and will have no right to

14  withdraw it?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  The Government has also agreed to

17  consider making a motion to reduce your guidelines or to reduce

18  your sentence based upon your cooperation and assistance.  Do

19  you understand that whether or not such a motion is made is

20  entirely up to the discretion of the Government's attorney?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And do you understand that if for any

23  reason the Government's attorney decides not to make such a

24  motion you will still be bound by your plea of guilty and will

25  have no right to withdraw it?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  The Government has also agreed to

3   recommend that you be sentenced at the low end of the guideline

4   range.  Do you understand that if for any reason I decide not

5   to follow that recommendation you will still be bound by your

6   plea of guilty and will have no right to withdraw it?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  All right.  Mr. Eugene Harvey, I'm now

9   going to ask the assistant United States attorney to summarize

10  for me the evidence the Government would present if this case

11  went to trial.  I'm going to ask that you listen very carefully

12  to what Ms. Davis has to say because when she finishes I'm then

13  going to ask you if there is anything that she said about the

14  facts of the case that you disagree with.

15         All right.  Ms. Davis, if you would summarize for me

16  the evidence the Government would present if this case went to

17  trial.

18         MS. DAVIS:  Thank you, Your Honor.

19         If this case were to proceed to trial as to this

20  count, the Government would show that beginning on a date

21  unknown but at least by in or about January 2014 and continuing

22  until on or about December 20th of 2014 in the Northern

23  District of Georgia and elsewhere the Defendant was engaged in

24  a conspiracy with unindicted co-conspirator Mark Q. Henry and

25  others in the Northern District of Georgia and elsewhere to

1   carry a concealed weapon onto an aircraft operating in air

2   transportation contrary to law, that Mr. Eugene Harvey while

3   employed as a ramp agent/baggage handler for Delta Airlines at

4   Hartsfield-Jackson International Airport would use his Security

5   Identification Display Area (SIDA) badge and unique Personal

6   Identification Number or a PIN to access the secure areas of

7   the airport to bring dangerous weapons to co-conspirator

8   Mr. Mark Henry in the airport such that Henry would avoid

9   having the Transportation Security Administration recover the

10  weapons during mandatory security screening, those weapons

11  being at least one of the 135 firearms subsequently recovered

12  from a co-conspirator in New York.

13          An airline employee is permitted to use his SIDA

14  badge and PIN only while on duty and in the furtherance of

15  official work.  However, specifically the evidence at trial

16  would show that after smuggling the firearms into the secure

17  area of Hartsfield-Jackson Defendant Harvey would transfer the

18  firearms to Henry who had by this time passed through TSA

19  security screening.  The transfer of the firearms would take

20  place in locations inside the airport such as the men's

21  restroom or food court area, locations that Henry and Harvey

22  would set up and coordinate by text message prior to the

23  handoff.

24          Mr. Henry would then conceal the firearms on his

25  person and in his carry-on luggage, and he would take the

1    firearms into the passenger compartment of Delta Airlines

2    aircraft where they were and would have been accessible to him

3    during flights from Hartsfield-Jackson to New York's John F.

4    Kennedy International Airport and LaGuardia Airport.  Mr. Henry

5    would then provide monetary benefit to include money and other

6    items of value to Defendant Harvey for his role in smuggling

7    the firearms onto the Delta Airlines aircraft.

8            Mr. Harvey and Mr. Henry engaged in this conduct on

9    at least the following dates:  January 31st of 2014, June 6th

10   of 2014, August 23rd of 2014, August 27th of 2014, November

11   24th of 2014 and December 10th of 2014.

12           And, specifically, later on the day of December 10th,

13   2014, Mr. Henry was arrested by law enforcement authorities in

14   New York while in possession of eighteen handguns, seven of

15   which were loaded but all of which had been smuggled by Henry

16   and Harvey into the passenger cabin of a Delta Airlines flight

17   that Mr. Henry had taken from Atlanta Hartsfield-Jackson

18   Airport to JFK Airport.

19           THE COURT:  Mr. Eugene Harvey, is there anything that

20   Ms. Davis said about the facts of the case that you disagree

21   with?

22           THE DEFENDANT:  No, sir.

23           THE COURT:  And are you, in fact, guilty of the

24   offense alleged in Count 1 of the indictment of participating

25   in a conspiracy to carry firearms on an aircraft?

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  All right.  I find that there is a

3    factual basis for the plea of guilty.

4              Mr. Eugene Harvey, is there anything that I have said

5    or any of the questions that I have asked that you did not

6    understand or that you wish me to clarify?

7              THE DEFENDANT:  No, sir.

8              THE COURT:  At this time I find that the Defendant

9    understands the charges against him and the consequences of his

10   plea of guilty.  I have observed the Defendant during this

11   proceeding, and he does not appear to me to be under the

12   influence of any substance which might affect his judgment or

13   his actions in any manner.

14             I find that the offer of the plea of guilty of the

15   Defendant to Count 1 of the indictment has a factual basis.  It

16   is free of any coercive influence of any kind.  It is

17   voluntarily made with full knowledge of the charges against him

18   and the consequences of his plea of guilty.

19             I find that the Defendant is competent to understand

20   these proceedings and to enter a knowing plea of guilty.  I

21   find that there have been no promises of any kind made to him

22   by anyone except as incorporated in the plea agreement set out

23   in open court.  It is hereby ordered that the plea of guilty of

24   the Defendant to Count 1 of the indictment is accepted and

25   entered.

1              Mr. Eugene Harvey, you are hereby adjudged guilty on

2    Count 1 of Indictment Number 15-CR-53.

3              At this time I'll ask the clerk to set the date for

4    sentencing.

5              THE CLERK:  March 1, 2018, 11:00 a.m., this

6    courtroom.

7              THE COURT:  All right.  This matter will be adjourned

8    until March 1st, 2018, for sentencing.

9              MR. BRUCE HARVEY:  Thank you, Judge.

10             THE COURT:  Anything further, counsel?

11             MS. DAVIS:  No.  Thank you, Your Honor.

12             MR. BRUCE HARVEY:  No, sir.  Thank you, Judge.

13             THE COURT:  Thank you very much.  Court's in recess

14   until further order.

15             (Proceedings adjourned at 11:41 a.m.)

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T E

2

3    UNITED STATES DISTRICT COURT:

4    NORTHERN DISTRICT OF GEORGIA:

5

6              I hereby certify that the foregoing pages, 1 through

7    28, are a true and correct copy of the proceedings in the case

8    aforesaid.

9              This the 27th day of December, 2017.

10

11

12

13                        /s/ Susan C. Baker _____

14                        Susan C. Baker, RMR, CRR
                          Official Court Reporter
15                        United States District Court

16

17

18

19

20

21

22

23

24

25